UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

        Debtors.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

TIMOTHY MILLER, TRUSTEE,

        Plaintiff,

vs.

KATHLEEN SULLIVAN,

        Defendant.
_____/

Adv. Pro. No. 21-4186

### ORDER DENYING, IN PART, PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEYS, AND OTHERWISE ADJOURNING THE APRIL 27, 2022 HEARING ON THE MOTION

This adversary proceeding is before the Court on the Plaintiff's motion, entitled "Trustee's Motion for Order Disqualifying Morris & Morris Attorneys, P.L.L.C." (Docket # 50, the "Motion"). The Defendant filed a response, objecting to the Motion (Docket # 52). The Plaintiff then filed a Reply Brief in support of the Motion (Docket # 59). The Motion is currently scheduled for a telephonic hearing, to be held on Wednesday, April 27, 2022 at 10:00 a.m.

The Court has reviewed all of the papers filed by the parties regarding the Motion, and other parts of the record in this adversary proceeding and the related bankruptcy case. The Court concludes that, in part, a hearing on the Motion is not necessary, and that the Motion should be denied in part. For the following reasons, the Court enters this Order.

In part, the Motion seeks the disqualification of Defendant's attorney, Thomas Morris and his firm, Morris & Morris Attorneys, P.L.L.C., based on Mich. R. Prof'l. Conduct 1.7 and 1.10(a). To the extent the Motion seeks this relief, the Court will deny the Motion.

This Court has reviewed the decision by the United States District Court, in a pending appeal in another adversary proceeding arising out of the *Wylie* bankruptcy case. The decision is entitled "Opinion and Order Denying Appellee Miller's Motion to Disqualify Appellants' Counsel (Dkt. 9)," and was filed on January 4, 2022 at Docket # 15 in the case of *Christopher Sullivan v. Timothy J. Miller*, Case No. 2:21-cv-12349-MAG-CI (E.D. Mich.) (the "District Court Decision").

It is clear that if this Court were to follow the reasoning and ruling of the District Court Decision, Morris and the Morris firm could not be disqualified in this adversary proceeding based on Mich. R. Prof'l. Conduct 1.7 and 1.10(a). The Defendant does not contend that the District Court Decision is directly binding on this Court in this adversary proceeding, either as a matter of *stare decisis* or under the appellate mandate rule. Rather, Defendant argues that this Court should follow the District Court Decision under the law of the case doctrine, which, the parties agree, is a matter of discretion when the doctrine applies, at least to some extent. But Plaintiff argues that the law of the case doctrine does not apply.

This Court does not necessarily agree that the law of the case doctrine applies. Nor does this Court necessarily agree with the District Court Decision. But it is not necessary in this case for the Court to rule on either of these points.

The Court notes that even if Rule 1.7 applies to the representation of the Defendant by attorney Morris and his firm in this adversary proceeding, as the Plaintiff argues, this Court has

2

21-04186-tjt    Doc 60    Filed 04/26/22    Entered 04/26/22 15:15:45    Page 2 of 4

discretion to not disqualify Defendant's counsel. The Official Comment to Rule 7.1 discusses the right of a party in litigation to raise Rule 1.7 against an opposing party and their attorney, and states that "opposing counsel may properly raise the question" when "the conflict is such as clearly to call into question the fair or efficient administration of justice." *See* Official Comment to Mich. R. Prof'l. Conduct 1.7, last paragraph ("Conflict Charged by an Opposing Party").

Under the circumstances in this case, and in the Court's discretion, even if Rule 7.1 applies, as Plaintiff argues, the Court finds that this does not "clearly call into question the fair or efficient administration of justice." For this reason, the Court will not disqualify Defendant's counsel based on Rule 7.1 or 1.10(a).

In addition, and under the circumstances of this particular case, this Court will rule in a manner that is consistent with the District Court Decision, for the following reasons. If this Court were to disqualify Morris and the Morris firm based on Mich. R. Prof'l. Conduct 1.7 and 1.10(a), and the Defendant appealed to the district court in this adversary proceeding, whether after a final judgment or in a permitted interlocutory appeal, it is clear that the appeal would be assigned to the same district judge who decided the District Court Decision. *See, e.g.*, L.R. 83.11(b)(7)(D) (E.D. Mich.) (regarding assignment of "companion cases"). And such district judge would be certain, in any such appeal, to rule in the same way that he ruled in the District Court Decision, regarding disqualification under Mich. R. Prof'l. Conduct 1.7 and 1.10(a).

Under these circumstances, it makes sense for this Court to rule in a manner that is consistent with the District Court Decision, and in its discretion, this Court will do that.

Plaintiff's alternative request for relief in the Motion is based on Mich. R. Prof'l. Conduct 3.7, and seeks an order barring attorney Morris from acting as an advocate at the trial in this

3

adversary proceeding, because, Plaintiff says, Morris is likely to be a necessary witness. Defendant opposes this relief. The Court will not yet decide whether Plaintiff is entitled to this alternative relief. And the Court concludes that the hearing on this part of the Motion should be postponed until after the Court has ruled on Plaintiff's pending motion for summary judgment and Plaintiff's pending motion *in limine* (Docket ## 24, 33). These motions are scheduled for a telephonic hearing to be held on May 4, 2022 at 1:30 p.m.

For the reasons stated above, the Court orders as follows.

IT IS ORDERED that the Motion (Docket # 50) is denied to the extent stated in this Order below, and otherwise the telephonic hearing on the Motion, currently scheduled for April 27, 2022 at 10:00 a.m., is adjourned to **May 11, 2022 at 1:30 p.m.**

IT IS FURTHER ORDERED that to the extent the Motion seeks the disqualification of attorney Thomas Morris and his firm, Morris & Morris Attorneys, P.L.L.C., based on Mich. R. Prof'l. Conduct 1.7 and 1.10(a), the Motion is denied.

**Signed on April 26, 2022**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**