UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

                Debtors.
_____/

TIMOTHY MILLER, TRUSTEE,

                Plaintiff,

vs.

KATHLEEN SULLIVAN,

                Defendant.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 21-4186

**ORDER REGARDING FURTHER PROCEEDINGS RELATING TO
THE PLAINTIFF'S PENDING MOTION FOR SUMMARY JUDGMENT,
AND ADJOURNING THE MAY 11, 2022 HEARINGS**

This adversary proceeding is before the Court on the Plaintiff's motion for summary judgment (Docket # 24, the "Motion"). The Defendant has objected to the Motion. The Motion currently is scheduled for a telephonic hearing to be held on May 11, 2022 at 1:30 p.m.

In the Motion, the Plaintiff seeks summary judgment based on his arguments that the Debtor, Jason Wylie, fraudulently transferred real estate located at 6401 Mast, Dexter, Michigan (the "Mast Property"), to his mother, the Defendant Kathleen Sullivan. This transfer allegedly was done by means of a deed entitled "Quitclaim Deed in Lieu of Foreclosure" (the "Deed") that was signed on August 3, 2019, and that was recorded with the Washtenaw County, Michigan

Register of Deeds on August 19, 2019.[1] The Plaintiff alleges in his complaint,[2] and argues in the Motion, that this transfer of the Debtor's property is avoidable under 11 U.S.C. § 548(a)(1)(B), as a constructively fraudulent pre-petition transfer (Count I of the Plaintiff's complaint); and under 11 U.S.C. § 548(a)(1)(A), as a pre-petition transfer made by the Debtor with fraudulent intent (Count II of the Plaintiff's complaint).

These claims and arguments require the Plaintiff to prove, among other things, that the alleged transfer to be avoided was "made . . . on or within 2 years before the date of the filing of the [bankruptcy] petition." 11 U.S.C. § 548(a)(1). The bankruptcy petition in this case was filed by Jason Wylie and his spouse on August 27, 2020.

In the Motion, however, the Plaintiff *also* argues that before the Wylie bankruptcy petition was filed, there was not an effective transfer of the Mast Property under Michigan law, because the Deed was not delivered to and accepted by the Defendant Kathleen Sullivan on or before the petition date (the Plaintiff's "no transfer claim").[3] If the Plaintiff is correct about this, it means that there was no transfer of the Mast Property that was "made . . . on or within 2 years before the date of the filing of the [bankruptcy] petition," within the meaning of 11 U.S.C. § 548(a)(1), and the Plaintiff's § 548 claims fail as a matter of law. But if the Plaintiff is correct in his argument that there was no pre-petition transfer of the Mast Property, that also means that the Mast Property is property of the bankruptcy estate, and also that if the Mast Property was

---

[1] A copy of this recorded deed is filed as Exhibit A to the Motion (Docket # 24-2).

[2] Docket # 1.

[3] *See* Pl.'s Br. (Docket # 24) at pdf pp. 12-16; Pl.'s Reply Br. (Docket # 38) at pdf pp. 1-2.; *see also* Pl.'s Reply Br. (Docket # 61) at pdf p. 4. This argument is based on deposition testimony given by the Defendant on February 4, 2022.

transferred *post-petition* (*e.g.*, by delivery and acceptance by the Defendant of the Deed after August 27, 2020), such transfer may be avoidable under 11 U.S.C. § 549.

The Plaintiff's theories contradict each other — either the Mast Property was transferred by the Debtor Jason Wylie to the Defendant pre-petition or it was not, but both things cannot be true. The Plaintiff is permitted by rule to plead these inconsistent claims in his complaint, under Fed. R. Civ. P. 8(d)(2) and 8(d)(3), Fed. R. Bankr. P. 7008. But to date the Plaintiff has not done so. The Plaintiff has not pled his no-transfer theory; rather, the Plaintiff has pled only his § 548(a)(1) claims, that the Mast Property was fraudulently transferred pre-petition.[4]

If the Plaintiff wishes to pursue his no-transfer theory, he must first plead it, in the alternative to Plaintiff's § 548(a)(1) avoidance claims.[5] The Plaintiff either must plead his no-transfer claim, which may be accompanied by a claim seeking turnover, or abandon it.

Under the unusual circumstances of this case, the Court finds good cause, and will exercise its discretion, to enter this Order.

IT IS ORDERED that the Plaintiff is granted leave to file an amended complaint. Such amended complaint is optional, but it must be filed, if at all, no later than May 19, 2022.

IT IS FURTHER ORDERED that no later than May 19, 2022, the Plaintiff may file a supplemental brief in support of the Motion.

IT IS FURTHER ORDERED that no later than May 26, 2022, and only if the Plaintiff files either an amended complaint or a supplemental brief as permitted by this Order, or both, the

---

[4] Compl. (Docket # 1).

[5] The same is true of any theory or claim that there was a post-petition transfer to the Defendant of the Mast Property that is avoidable under 11 U.S.C. § 549.

Defendant may file a supplemental brief opposing the Motion.

IT IS FURTHER ORDERED that the telephonic hearing on the Motion, and on the Plaintiff's amended motion in limine (Docket # 33), currently scheduled for May 11, 2022 at 1:30 p.m., is adjourned to **June 1, 2022 at 1:30 p.m.**

IT IS FURTHER ORDERED that the telephonic hearing on the unresolved part of the Plaintiff's motion to disqualify the Defendant's counsel (Docket # 50), currently scheduled for May 11, 2022 at 1:30 p.m., is adjourned to **June 1, 2022 at 1:30 p.m.**

By separate notices, the Court will adjourn the final pretrial conference and the trial in this adversary proceeding, to specific dates that occur after June 1, 2022.

**Signed on May 5, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**