UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

          Debtors.
_____/

TIMOTHY MILLER, TRUSTEE,

          Plaintiff,

vs.

KATHLEEN SULLIVAN,

         Defendant.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 21-4186

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

This adversary proceeding is before the Court on the Plaintiff Chapter 7 Trustee's motion for summary judgment (Docket # 24, the "Motion"). The Defendant timely objected to the Motion. The Court held a telephonic hearing on the Motion on June 1, 2022, and then took the Motion under advisement.

In the Motion, the Plaintiff seeks summary judgment based on his allegation and arguments that the bankruptcy Debtor, Jason Wylie, fraudulently transferred real estate located at 6401 Mast, Dexter, Michigan (the "Mast Property"), to his mother, the Defendant Kathleen Sullivan. This transfer was done by means of a deed entitled "Quitclaim Deed in Lieu of Foreclosure" (the "Deed") that was signed on August 3, 2019, and that was recorded with the

Washtenaw County, Michigan Register of Deeds on August 19, 2019.[1]

The Plaintiff alleges in his complaint,[2] and argues in the Motion, that this transfer of the Mast Property (the "Transfer") is avoidable under 11 U.S.C. § 548(a)(1)(B), as a constructively fraudulent transfer (Count I of the Plaintiff's complaint); and under 11 U.S.C. § 548(a)(1)(A), as a transfer made by the Debtor with fraudulent intent (Count II of the Plaintiff's complaint).[3] In Count III of his complaint, the Plaintiff seeks relief under 11 U.S.C. §§ 550 and 551, based on the avoidance of the Transfer under the other two counts, including recovery from the Defendant of the Mast Property or the value of the Mast Property, which the Plaintiff alleges is "not less than $320,000.00."[4]

---

[1] A copy of this recorded deed is filed as Exhibit A to the Motion (Docket # 24-2).

[2] Docket # 1.

[3] These provisions in § 548(a) state, in pertinent part:

> (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; . . . .

[4] Compl. (Docket # 1) at ¶ 41.

The Court has considered all of the oral and written arguments of the parties, all of the briefs and exhibits filed by the parties, and all of the authorities cited by the parties. The Court finds and concludes as follows.

1. In considering whether summary judgment should be granted for the Plaintiff, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56,[5] which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018). Those standards include, among other things, the requirements that in deciding a summary judgment motion, (a) the Court "'must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party[,]'" *Schubiner*, 590 B.R. at 376 (citation omitted); and (b) the Court "must 'believe the evidence of the nonmovant, and draw all justifiable inferences in favor of the nonmovant.'" *Id.* at 377 (citations omitted).

2. On the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment against the Defendant on any count in the Plaintiff's complaint.[6]

3. Such genuine issues include the following:

    A. As to Count II of the complaint, whether the Debtor Jason Wylie made the Transfer "with actual intent to hinder, delay, or defraud" any creditor, within the

---

[5] Civil Rule 56 applies in this adversary proceeding, under Fed. R. Bankr. P. 7056.

[6] In reaching the conclusions stated in this ¶ 2 and in ¶ 3 below, the Court has considered all of the exhibits that the Plaintiff sought to exclude in his motion entitled "Trustee's Amended Motion in Limine to Exclude Evidence" (Docket # 33). But the Court's conclusions here all would be the same even if the Court did not consider any of those exhibits. The Court is denying the motion in limine, by separate order filed today.

meaning of 11 U.S.C. § 548(a)(1)(A).

B. As to Count I of the complaint, whether the Debtor Jason Wylie "received less than a reasonably equivalent value in exchange for" the Transfer, within the meaning of 11 U.S.C. § 548(a)(1)(B)(i). This issue includes the following sub-issues:

   i. Whether the Defendant gave any value, in the form of any release of debt owing by Jason Wylie to the Defendant,[7] in exchange for the Transfer;

   ii. If so, what was the amount of such debt that was released in the exchange;

   iii. Whether the Transfer was made as part of a larger transaction, involving Jason Wylie's transfer of several properties to the Defendant, including the Mast Property, in exchange for the release of debt;

   iv. If so, what was the amount of such debt that was released in the transaction; and

   v. If so, what was the value of each of the properties transferred by Jason Wylie to the Defendant in the transaction.

4. There is no genuine issue of material fact regarding the following elements of the Plaintiff's avoidance claims, and these elements are deemed established in this adversary proceeding, including for purposes of trial:

---

[7] As used in § 548, the term "value" includes "satisfaction . . . of a present or antecedent debt." 11 U.S.C. § 548(d)(2)(A).

A. The Transfer was a "transfer of an interest of the debtor [*i.e.*, the Debtor Jason Wylie] in property" within the meaning of 11 U.S.C. § 548(a)(1), because at the time of the Transfer, the Debtor Jason Wylie was the sole owner of the Mast Property, and the Transfer transferred sole ownership of the Mast Property to the Defendant, Kathleen Sullivan.

B. The Transfer "was made . . . on or within 2 years before the date of the filing of the petition [*i.e.*, the bankruptcy petition filed by the Debtor Jason Wylie and his spouse]"[8] within the meaning of 11 U.S.C. § 548(a)(1).

C. The Debtor Jason Wylie and his spouse both were "insolvent on the date that [the Transfer] was made" within the meaning of 11 U.S.C. § 548(a)(1)(B)(ii)(I).[9]

5. Except as stated in ¶ 4, above, and in the exercise of the Court's discretion under Fed. R. Civ. P. 56(g), the Court declines the Plaintiff's request to enter an order stating what material facts, if any, are *not* genuinely in dispute. *See generally* Fed. R. Civ. P. 56 advisory committee's notes to 2009 amendments (regarding Civ. R. 56(g)).

For the reasons stated above, the Court will deny the Plaintiff's Motion. A trial will be necessary. Accordingly, and subject to ¶ 4 above,

IT IS ORDERED that the Plaintiff's Motion (Docket # 24) is denied.

---

[8] The bankruptcy petition was filed on August 27, 2020.

[9] *See, e.g.*, Answer to Compl. (Docket # 5) at ¶ 26 ("Defendant admits that the [T]ransfer was within 2 years of the Petition and while the Debtors were insolvent, . . . .").

**Signed on June 2, 2022**  /s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**