UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

            Debtors.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

TIMOTHY MILLER, TRUSTEE,

            Plaintiff,

vs.

KATHLEEN SULLIVAN,

           Defendant.
_____/

Adv. Pro. No. 21-4186

## OPINION AND ORDER REGARDING
## PLAINTIFF'S AMENDED MOTION IN LIMINE

This case came before the Court for a telephonic hearing on June 1, 2022, on the Plaintiff's motion entitled "Trustee's Amended Motion In Limine To Exclude Evidence" (Docket # 33, the "Motion"). The Defendant timely objected to the Motion. The Court held a telephonic hearing motion on the Motion on June 1, 2022, and then took the Motion under advisement.

As originally filed, the Motion sought an order containing several forms of relief. As shown by the proposed order filed with the Motion,[1] the Plaintiff sought the following relief, which the Court will number for reference purposes:

1. First, the Motion sought an order prohibiting the Defendant's use of six specified exhibits, referred to in the Motion as "Defendant's proposed [E]xhibits A, B, C, G, H, and J." These

---

[1] Docket # 33 at pdf pp. 10-11.

exhibits were listed in the Defendant's exhibit list in the parties' proposed joint final pretrial order (Docket # 25) at pdf pp. 34-35.

2. Second, the Motion sought an order stating that because the Defendant did not plead any affirmative defenses, "Defendant has waived and may not present any affirmative defenses at trial or in response to the Trustee's Motion for Summary Judgment."

3. Third, the Motion sought an order that "Defendant may not call Timothy J. Miller, Trustee or Thomas Morris, Esq. as witnesses at trial." These persons were listed as "may call" witnesses in the Defendant's witness list, in the parties' proposed joint final pretrial order (Docket # 25) at pdf p. 32.

4. Fourth, the Motion sought monetary sanctions against the Defendant, in an unspecified amount.

Some of the Defendant's requested relief can be disposed of easily. As to item 2 above, it is true that the Defendant did not plead any affirmative defenses, but the Defendant has not attempted to raise any affirmative defenses in opposing the Plaintiff's motion for summary judgment. To that extent, the request in item 2 is moot. If and when the Defendant attempts to raise any affirmative defenses at trial, the Plaintiff can object at that time, and the Court will rule on such an objection at that time. So the relief listed in item 2 above will be denied in its entirety at this time.

As to item 3 above, the Defendant has disclaimed any intention to call Timothy J. Miller, Trustee as a witness at trial,[2] so that part of the Plaintiff's requested relief will be denied as moot.

As to item 1 above, the Plaintiff's exclusion request will be denied as to all of the listed

---

[2] *See* Def's. Resp. to the Mot. (Docket # 37) at pdf p. 1.

2

21-04186-tjt   Doc 72   Filed 06/02/22   Entered 06/02/22 15:50:39   Page 2 of 7

exhibits other than the Defendant's Exhibit C.[3] The Plaintiff correctly argues that the Defendant had a duty to timely disclose and produce to the Plaintiff all of these exhibits, in the Defendant's initial disclosures under Fed. R. Civ. P. 26(a)(1),[4] and in Defendant's responses to discovery,[5] and in a timely supplementation of the Defendant's discovery responses under Fed. R. Civ. P. 26(e). The Plaintiff also is correct that the Defendant failed to comply with any of these duties, at least with respect to the Defendant's Exhibits A, B, and J. And the Defendant *may* have failed to comply with any these duties with respect to the Defendant's Exhibits G and H.

The Plaintiff's Motion relies primarily on Fed. R. Civ. P. 37(c)(1),[6] which states:

> (1) **Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.** In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any

---

[3] The Plaintiff's attorney made clear during the hearing that the Plaintiff seeks exclusion of Exhibit C only on the ground that it is inadmissible hearsay, and not on the ground that it was not properly disclosed or produced. The Defendant disputes the hearsay objection. Exhibit C is discussed separately, below.

[4] Docket # 12, item 2.

[5] Docket # 20, Interrog. No. 22 and Doc. Req. No. 1.

[6] Civil Rule 37 applies in adversary proceedings, under Fed. R. Bankr. P. 7037.

3

of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1) (emphasis added).

The Court finds that the failures by the Defendant to disclose and produce documents do not justify exclusion of any of these exhibits, under Fed. R. Civ. P. 37(c)(1) or otherwise, because the Defendant's failures all are "harmless" within the meaning of Rule 37(c)(1). This is so as to the Defendant's Exhibits A, B, and J, because the Plaintiff admits that these documents all were produced to the Plaintiff well before the Plaintiff even filed this adversary proceeding. The Plaintiff argues that these documents were buried in a large "document dump" and that they were like "needles in a haystack." The Court is not persuaded by such an argument. The Plaintiff had these documents, and should have been aware of their contents and potential relevance to this adversary proceeding, before the Plaintiff even filed this adversary proceeding.

As for the Defendant's Exhibits G and H, the timing of the Defendant's first production of those documents to the Plaintiff, as part of the Defendant's opposition to the Plaintiff's summary judgment motion, has not caused the Plaintiff any prejudice. This is especially so given the content of the Defendant's Exhibit J, which the Plaintiff has had since well before filing this adversary proceeding. And there is no prejudice to the Plaintiff with respect to his summary judgment motion, which the Court is denying today by separate order. This is because, as the Court says in its summary judgment opinion and order, the Court would have denied the summary judgment motion, in the same way, with or without considering those documents. The Defendant's late production of Exhibits G and H did not adversely affect the Plaintiff's litigation position, or the Plaintiff's ability to prosecute his claims, either at the summary judgment stage or

at the upcoming trial.[7]

For these reasons, the Court will deny the Plaintiff's request to exclude the Defendant's Exhibits A, B, G, H, and J.

As to the Defendant's Exhibit C, listed in item 1 above, the Plaintiff seeks exclusion based on a hearsay objection. That relief will be denied at this time, in part as moot, and in part as premature. Such objection is moot, in part, because the objection, and Exhibit C, make no difference with respect to the Court's ruling on the Plaintiff's summary judgment motion. As the Court has stated in its separate opinion and order being filed today, the Court would deny the summary judgment motion in just the same way, even if the Court excluded Exhibit C from consideration. Otherwise, this hearsay objection is premature, because it is best left to be made and decided at trial. If and to the extent the Defendant seeks to introduce Exhibit C at trial, the Plaintiff can make his hearsay objection to Exhibit C at that time, and the Court will rule on that objection at trial. So the Plaintiff's request to exclude the Defendant's Exhibit C will be denied at this time, and that is without prejudice to the Plaintiff's right to object to that exhibit at trial.

As to item 3 above, the Motion sought to prevent the Defendant from calling her attorney, Thomas Morris, as a witness at trial, on the ground that the Defendant failed to disclose Mr. Morris as a witness in her Rule 26(a)(1) initial disclosures and in her discovery responses. But these failures by the Defendant are "harmless" within the meaning of Civil Rule 36(c)(1). The Plaintiff himself listed Thomas Morris as a "may call" witness in the parties' proposed joint

---

[7] During the hearing, the Plaintiff's attorney stated that if the Court does not exclude Defendant's Exhibits G and H, the Plaintiff requests leave to reopen discovery, to allow the Plaintiff to question the Defendant and the Defendant's attorney, Thomas Morris, about the documents. The Court will not grant that relief. During the hearing, in response to questions from the Court, the Plaintiff's attorney was not able to adequately explain *why* the Plaintiff needs such discovery.

5

21-04186-tjt    Doc 72    Filed 06/02/22    Entered 06/02/22 15:50:39    Page 5 of 7

final pretrial order (Docket # 25) at pdf p. 32. And the Plaintiff's attorney stated during the hearing that the Plaintiff does intend to call Mr. Morris as a witness at trial, and when that happens, basic fairness requires that the Court permit the Defendant's counsel to question Mr. Morris at trial as well. The timing of the Defendant's disclosure of Mr. Morris as a witness, and the Defendant's failure to disclose him as a witness sooner, has not prejudiced the Plaintiff, and will not prejudice the Plaintiff, in any way.

As to Item 4 above, the Plaintiff requests unspecified monetary sanctions against the Defendant, due to the Defendant's failure to fully comply with her disclosure and discovery duties. The Plaintiff relies primarily on Civil Rule 37(c)(1)(A), quoted above, which states that the Court "may order payment of the reasonable expenses, including attorney's fees, caused by" the Defendant's failure to comply with these duties. But such relief is discretionary, and in its discretion the Court declines to order any monetary relief against the Defendant. This is so despite the Defendant's disclosure and discovery violations discussed above, largely because the Court has declined to order any substantive relief, and because the procedural relief the Court is granting, described below, is quite limited. Under the circumstances, an award of monetary sanctions against the Defendant would be unjust. *Cf.* Fed. R. Civ. P. 37(b)(2)(C) (court must award expenses, including attorney fees, against a party who disobeyed a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust").

During the hearing, which also included a hearing on the Plaintiff's summary judgment motion, the Plaintiff's counsel asked for certain procedural relief in the event the Court denied the Plaintiff's request to exclude the evidence covered by the motion in limine. The Defendant opposes such relief. But the Court finds it fair and appropriate to grant some of the procedural

relief requested, and in its case-management discretion and for good cause, the Court will do so, in the form of the relief in the Order listed below.

For the reasons stated above,

IT IS ORDERED that:

1. The Motion (Docket # 33) is denied in its entirety, except for the relief provided in paragraphs 2-5 of this Order, below.

2. Discovery in this adversary proceeding is reopened to the limited extent described in paragraphs 3-5 below.

3. The Plaintiff and the Defendant are granted leave to conduct discovery regarding the value of the real estate referred to and discussed at pages 3-5 in the Plaintiff's summary judgment reply brief (Docket # 38), namely, the properties referred to as 7575 N. Territorial; 6401 Mast; and 6600 Gregory (the "Valuation Discovery").

4. The deadline for the Plaintiff and the Defendant to serve any expert reports under Fed. R. Civ. P. 26(a)(2) regarding the value of the properties referred to in paragraph 3 above, including any appraisal reports, is July 8, 2022.

5. The deadline to complete the Valuation Discovery, including any depositions of any experts, is July 29, 2022.

6. By separate notices to be issued, the Court will adjourn the June 13, 2022 final pretrial conference and the June 28, 2022 trial dates in this case, to dates that are after July 29, 2022.

**Signed on June 2, 2022**      /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**