UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

        Debtors.
_____/

TIMOTHY MILLER, TRUSTEE,

        Plaintiff,

vs.

KATHLEEN SULLIVAN,

        Defendant.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 21-4186

**ORDER DENYING THE REMAINING PART OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEY,
AND CANCELING THE NOVEMBER 2, 2022 HEARING ON THE MOTION**

This adversary proceeding is before the Court on the Plaintiff's motion, entitled "Trustee's Motion for Order Disqualifying Morris & Morris Attorneys, P.L.L.C." (Docket # 50, the "Motion"). In an Order filed on April 26, 2022 (Docket # 60), the Court denied the Motion, in part, and left the remaining, unresolved part to be determined after further proceedings and a hearing. The further proceedings have occurred, and the hearing is scheduled for November 2, 2022 at 9:00 a.m.

The remaining, unresolved part of the Motion is the Plaintiff's argument, based on Mich. R. Prof'l. Conduct 3.7, that seeks an order barring attorney Thomas Morris from acting as an advocate at the trial in this adversary proceeding, because, Plaintiff says, Thomas Morris is likely

to be a necessary witness. Defendant opposes this relief.

The Court has reviewed all of the papers filed by the parties regarding the Motion, and other parts of the record in this adversary proceeding and the related bankruptcy case. The Court previously ruled on the Plaintiff's motions for summary judgment and motion *in limine* in this case. The Court has just held a final pretrial conference in this case, and has entered a final pretrial order. At this time, the Court concludes that a hearing on the unresolved part of the Motion is not necessary, and that the Motion should be denied.

Even if Defendant's attorney Thomas Morris is likely to be a necessary witness at trial, concerning one or more contested issues, as the Plaintiff argues, the Court finds and concludes that under the circumstances, the disqualification of attorney Thomas Morris "would work substantial hardship on" the Defendant, within the meaning of Mich. R. Prof'l. Conduct 3.7(a)(3). For this reason, the Court will not disqualify attorney Thomas Morris from acting as an advocate at trial in this case.

Accordingly,

IT IS ORDERED that:

1. The unresolved part of the Motion (Docket # 50) is denied. That is, to the extent the Motion seeks any disqualification of attorney Thomas Morris, based on Mich. R. Prof'l. Conduct 3.7, the Motion is denied.

2. The telephonic hearing on the Motion, currently scheduled for November 2, 2022 at 9:00 a.m., is canceled, as no longer necessary.

2

21-04186-tjt    Doc 114    Filed 11/01/22    Entered 11/01/22 14:17:41    Page 2 of 3

**Signed on November 1, 2022**  /s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge