UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON ROBERT WYLIE,
and LEAH S. WYLIE,

           Debtors.
_____/

Case No. 20-49216

Chapter 7

Judge Thomas J. Tucker

TIMOTHY MILLER, TRUSTEE,

           Plaintiff,

vs.

KATHLEEN SULLIVAN,

           Defendant.
_____/

Adv. No. 21-4186

**OPINION AND ORDER GRANTING LIMITED STAY PENDING APPEAL**

This adversary proceeding is before the Court on the Defendant's motion entitled "Motion for Stay of Sale Pending Appeal" (Docket # 165, the "Motion"). The Plaintiff filed an objection to the Motion (Docket # 168), and the Defendant then filed a reply brief in support of the Motion (Docket # 169). The Court concludes that a hearing on the Motion is not necessary. The Court has considered all of the arguments of the parties, and now will grant the Motion, to the extent of the relief provided by this Order.

In considering the factors set forth in the Sixth Circuit's *Griepentrog* case,[1] discussed in the Motion, the Court concludes that: (1) the Defendant's likelihood of success on appeal is low,

---

[1] *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991).

for the reasons stated in this Court's Post-Trial Opinion (Docket # 156),[2] and for the additional reasons stated below; (2) but absent a stay pending appeal, it is likely that the Plaintiff Trustee will sell the real estate at issue (the 6401 Mast Property)[3] while the appeal is pending, and this would be irreparable harm to the Defendant in the event she was later successful on appeal; (3) neither the Plaintiff, nor the *Wylie* bankruptcy estate, nor any other person or entity, is likely to be harmed by the stay being granted by this Order, particularly given the fact that the 6401 Mast Property is now property of the bankruptcy estate, and will remain so while the Defendant's appeal is pending; (4) the public interest favors the stay granted by this Order.

Relevant to *Griepentrog* factor number (1) listed above, one of the Defendant's arguments made in the Motion is that, as the Motion puts it,

> 6. The Court erred by awarding to the Trustee property found by the Bankruptcy Court to be worth $370,000.00, plus costs, to remedy a transfer found by the Bankruptcy Court to have been avoidable in the amount of $155,483.88.[4]

In this regard, the Motion argues that it was "an abuse of discretion" for this Court to have avoided the transfer of the 6401 Mast Property and ordered that property be recovered by the bankruptcy estate in its entirety, "where the award of the entire property with a value of $370,000 to remedy a shortfall of $155,483 creates a windfall to the estate."[5]

Oddly, the Plaintiff does not respond to this argument in opposing the Motion, but instead

---

[2] The Post-Trial Opinion is reported at __ B.R. __, 2024 WL 4532911.

[3] As used in this Order, the phrase "6401 Mast Property" has the meaning given to it on page 1 of the Court's Post-Trial Opinion (Docket # 156).

[4] Br. in Supp. of Mot. . . . (Docket # 165-3) at pdf p. 21.

[5] *Id.*

2

only relies on this Court's Post-Trial Opinion to argue that the Defendant's chances of success on appeal are "very low."[6] But the Court's Post-Trial Opinion does not expressly address this argument by the Defendant. *That is because the Defendant never made this argument at any time before the Court entered its Judgment.* Rather, the Defendant made this argument for the first time when it filed the present Motion seeking a stay pending appeal.

There is a substantial chance that the Defendant's argument will be rejected on appeal by the district court, on that ground that the Defendant has forfeited this argument, by failing ever to make the argument at any time before this Court entered its Judgment on October 18, 2024.

The Sixth Circuit has described the appellate forfeiture rule in this way:

> "As a general rule in this Circuit, arguments raised for the first time on appeal are forfeited," including those not raised in response to dispositive motions. *See Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015) (citation omitted). The reason for this rule is set forth in *Sheet Metal Workers' Health and Welfare Fund of North Carolina v. Law Office of Michael A. DeMayo, LLP*:
>
>> We adhere to this practice so that both the parties and this Court have the benefit of the district court's assessment of the issue when the case is taken up on appeal. We likewise do so out of respect for the district court, as it would surely seem unfair to that court for a party to ask us to assign error to the district court on an issue the party never presented to the district court in the first instance.
>
> 21 F.4th 350, 355 (6th Cir. 2021) (internal citation omitted). "To preserve the argument, . . . [a] litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it." *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009).

---

[6] *See* Br. in Supp. of Trustee's Obj. . . . (Docket # 168) at pdf p. 4.

3

*Cash-Darling v. Recycling Equip., Inc.*, 62 F.4th 969, 975 (6th Cir. 2023). *See also Swanigan v. FCA US LLC*, 938 F.3d 779, 786 (6th Cir. 2019), which held:

> As a general rule in this Circuit, arguments raised for the first time on appeal are forfeited." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015). And this court also deems issues not raised in response to dispositive motions forfeited. *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014). Only compelling reasons merit our consideration of a forfeited issue. *See Kreipke*, 807 F.3d at 781.

In a previous case arising from the *Wylie* bankruptcy case, the district judge who is assigned to the pending appeal stated the forfeiture rule in this way:

> [A] court reviewing a bankruptcy court's decision generally cannot consider arguments raised for the first time on appeal. Stevenson v. J.C. Bradford and Co. (In re Cannon), 277 F.3d 838, 848 (6th Cir. 2002); see also Brown v. United States, 545 F. App'x 435, 438 (6th Cir. 2013) (explaining that "[d]eviations" from this general rule "are [only] permitted in exceptional cases or particular circumstances, or when the rule would produce a plain miscarriage of justice").

*Sullivan v. Miller*, No. 21-12349, 2022 WL 2703954, at *4 (E.D. Mich. July 12, 2022).

The Defendant could have, and should have, made the argument before the trial concluded, and well before this Court decided the case by filing its Post-Trial Opinion and entering the October 18, 2024 Judgment. It was always clear that the Plaintiff was seeking the entire avoidance of the Debtor Jason Wylie's transfer of the 6401 Mast Property, not some sort of avoidance of some lesser part of the transfer of that property (if that were even possible). And it was clear before trial began, and certainly as the evidence in the trial was being presented, and as the parties filed their post-trial briefs, that the parties hotly disputed both (1) the value of each of the three properties that Jason Wylie transferred to the Defendant in the August 2019

4

transaction,[7] including the 6401 Mast Property; and (2) the identity and the amounts of the components of Jason Wylie's debt that the Defendant released in the August 2019 transaction. From all of this, it was clear that if the Defendant wanted to make the argument she is now making for the first time, she should have done so before the trial ended and the Court entered its judgment. But she did not.

Procedurally, it is for the district court, rather than this Court, to decide whether the Defendant's argument is forfeited, assuming that the Plaintiff Trustee argues forfeiture (which he has not yet done). It is at least possible that the district court will find that the Defendant has not forfeited the argument. Because of that possibility, this Court now will comment on the merits of the argument, and give the following in the nature of an indicative ruling, in case the district court finds that the Defendant's argument is not forfeited. *Cf.* Fed. R. Bankr. P. 8008(a)(3).

Strictly speaking, it is not correct to say, as the Defendant does, that this Court found the transfer of the 6401 Mast Property to be "avoidable in the amount of $155,483.88."[8] The Debtor Jason Wylie's August 19, 2019 transfer to the Defendant of the 6401 Mast Property was a single transfer, and it was avoidable as a fraudulent transfer under 11 U.S.C. § 548(b), for the reasons explained by the Court in its Post-Trial Opinion. Under the clear wording of § 548(b), the transfer was avoidable in full, not in some part or to some limited extent. And because the Defendant was the "initial transferee" of the transfer, under the wording of 11 U.S.C. § 550(a)(1), the Plaintiff Trustee "may recover, for the benefit of the estate, **the property transferred**, **or**, if

---

[7] As used in this Order, the phrase "August 2019 transaction" means the property-for-debt transaction described in the Court's Post-Trial Opinion (Docket # 156), and summarized at page 55 of the Post-Trial Opinion.

[8] Br. in Supp. of Mot. . . . (Docket # 165-3) at pdf p. 21.

5

the court so orders, **the value of such property**." (Emphasis added). Here, under the clear language of § 550(a)(1), the "property transferred" was the entire ownership of the 6401 Mast Property, not some lesser part of it, and the "value of the property transferred" was the entire value of the 6401 Mast Property (which this Court found to be $370,000.00). So the Plaintiff Trustee could recover the entire 6401 Mast Property, and that is the relief the Court granted.

The 6401 Mast Property would have been property of the *Wylie* bankruptcy estate, in its entirety, if the Debtor Jason Wylie had *not* made the avoidable transfer of that property to the Defendant in August 2019. If Jason Wylie had not made the transfer, the 6401 Mast Property would have remained his sole property, not subject to any mortgage or other lien (other than liens for any unpaid real estate taxes), and as such it would have become property of the bankruptcy estate when Jason Wylie and his wife filed their Chapter 7 bankruptcy case on August 27, 2020. *See* 11 U.S.C. § 541(a)(1).

Thus, the *Wylie* bankruptcy estate has not obtained any "windfall" from the Court's judgment in this case. Rather, the bankruptcy estate merely has been put back in the position it would have been in from the beginning if the Debtor Jason Wylie had not made the fraudulent transfer of the 6401 Mast Property to the Defendant.

The Defendant apparently perceives an unfairness in this result, stemming from the fact that after avoidance of the transfer of the 6401 Mast Property, the Defendant now will end up having received, in her August 2019 transaction with Jason Wylie, total value of $523,000.00 in real property (instead of a total value of $893,000.00), in exchange for releasing debt owed to her by Jason Wylie totaling $737,516.12. As the Defendant may perceive it, she will have ended up receiving $214,516.12 less in value than the amount of value she gave up ($737,516.23 minus

6

21-04186-tjt    Doc 170    Filed 11/15/24    Entered 11/15/24 14:39:33    Page 6 of 9

$523,000.00) (the "Defendant's Post-Judgment Shortfall").

If the Defendant has any remedy for this that she has not already waived, most likely it would be to seek relief under 11 U.S.C. § 548(c),[9] which states:

> Except to the extent that a transfer or obligation voidable under this section is voidable under section 544, 545, or 547 of this title, **a transferee** or obligee **of such a transfer** or obligation **that takes for value and in good faith has a lien on or may retain any interest transferred** or may enforce any obligation incurred, as the case may be, **to the extent that such transferee** or obligee **gave value to the debtor in exchange for such transfer** or obligation.

(Emphasis added).

Had the Defendant timely raised or argued for relief under § 548(c), this Court would have found that the Defendant took the transfer of the 6401 Mast Property "for value and in good faith," within the meaning of § 548(c), and the Court would have ordered that the Defendant has a lien on the 6401 Mast Property, to secure the amount of the Defendant's Post-Judgment Shortfall, *i.e.*, $214,516.12. In that event, the Wylie bankruptcy estate still would be the owner of the 6401 Mast Property, but the estate's ownership would also be encumbered by the Defendant's lien under § 548(c).

This relief for the Defendant would have been part of the Court's October 18, 2024 Judgment, if the Defendant had timely argued for it. But the Defendant never did so, and never even cited § 548(c). In fact, the Defendant still has not cited or argued § 548(c), even in her current Motion. (This is part of why the district court now might deem the Defendant's argument to be forfeited.)

The Court will not construe the Defendant's current Motion, which seeks only a stay

---

[9] The Defendant does not rely on or cite § 548(c) in her Motion.

7

pending appeal, as a motion seeking relief from the October 18, 2024 Judgment based on § 548(c). But the Defendant could seek such relief in this Court, by filing a motion for relief from the October 18, 2024 Judgment under Fed. R. Civ. P. 60(b). This Court would lack authority to grant such relief, because of the pending appeal. But this Court could and would give an indicative ruling on such a motion, under Fed. R. Bankr. P. 8008(a), after the Plaintiff Trustee has an opportunity to respond to such a Rule 60(b) motion. Under Fed R. Bankr. P. 8008(a)(3), the district court could then remand to this Court, while retaining jurisdiction of the appeal, to permit this Court to rule on the Rule 60(b) motion in the first instance, subject to further review as part of the appeal in the district court.

Another possible way in which the Defendant might seek the benefit of § 548(c) is for the Defendant to file a proof of claim in the *Wylie* bankruptcy case, asserting a secured claim against the bankruptcy estate's 6401 Mast Property, in the amount of the Defendant's Post-Judgment Shortfall, *i.e.*, $214,516.12. But such a proof of claim is purely hypothetical at this point, because the Defendant has filed no proof of claim to date. As a result, this Court expresses no view on the timeliness or validity of any such proof of claim.

Based on the Court's consideration of the *Griepentrog* factors, and in the Court's discretion, the Court will grant the stay described in this Order, below.

Accordingly,

IT IS ORDERED that the Motion is granted to the extent of the following relief, and otherwise is denied.

IT IS FURTHER ORDERED that the Plaintiff Trustee may not sell the 6401 Mast Property while the Defendant's appeal remains pending in the United States District Court.

8

IT IS FURTHER ORDERED that no bond or other security will be required as a condition of the stay pending appeal granted by this Order.

**Signed on November 15, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**

9

21-04186-tjt    Doc 170    Filed 11/15/24    Entered 11/15/24 14:39:33    Page 9 of 9